UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PAUL LOPEZ,<br><br>        Plaintiff,<br><br>v.<br><br>DENNIS A. HOMAN, et al.,<br><br>        Defendants. | Case No. 3:19-cv-00098-RCJ-CSD<br><br>**JOINT PRETRIAL ORDER** |

**I.     NATURE OF THE ACTION AND CONTENTIONS OF THE PARTIES.**

**A.     NATURE OF ACTION AND IDENTIFICATION OF PARTIES.**

Plaintiff, Paul Lopez ("Mr. Lopez"), is presently in the custody of the Nevada Department of Corrections ("NDOC") on interstate compact to Trenton, New Jersey. Mr. Lopez was incarcerated at Ely State Prison in Ely, Nevada at all times relevant to this action. Defendants Dennis A. Homan, Scott R. Manning, Ronald D. Bryant, Robert V. Huston, William A. Gittere, Timothy E. Filson, William Reubart, David M. Tristan, and James E. Dzurenda, were employees of the Nevada Department of Corrections at all times relevant

herein. Plaintiff's Civil Rights Complaint (Complaint) alleges eight causes of action against defendants: [1]

- Count I – Due Process under the 14th Amendment and Article 1 § 8 of the Nevada Constitution;
- Count II – Due Process under the 14th Amendment and Article 1 § 8 of the Nevada Constitution;
- Count III – Due Process under the 14th Amendment and Article 1 § 8 of the Nevada Constitution;
- Count IV – Due Process under the 14th Amendment and Article 1 § 8 of the Nevada Constitution;
- Count V – Cruel and Inhumane Treatment under the 8th Amendment and Article 1 § 6 of the Nevada Constitution;
- Count VI – Due Process under the 14th Amendment and Article 1 § 8 of the Nevada Constitution;
- Count VII – Due Process under the 14th Amendment and Article 1 § 8 of the Nevada Constitution;
- Count VIII – Cruel and Inhumane Treatment under the 8th Amendment and Article 1 § 6 of the Nevada Constitution;

B.  **CONTENTIONS OF THE PARTIES.**

  1.  **Plaintiff's Contentions**

  **Count I – Denial of due process against Defendants Homan and Bryant:**
  Mr. Lopez alleges Defendants Homan and Bryant submitted a notice of charges against him for murder with no evidence to support the charge because no one had died.

---

[1] Defendants Sandoval, Cegavske, Laxalt, Sisolak, and Ford were dismissed from counts VII and VIII via the granting of their partial motion for summary judgment. (ECF No. 25, No. 27, and No. 28).

**Count II – Denial of due process against Defendant Manning:**

Mr. Lopez alleges Defendant Manning served him a notice of charges for a murder violation despite a complete lack of evidence to support the service of such a charge because no one had died.

**Count III – Denial of due process against Defendants Huston:**

Mr. Lopez alleges Defendant Huston found him guilty of murder without any evidence to support the charge and denied Mr. Lopez's request to call witnesses at his disciplinary hearing.

**Count IV – Denial of Due Process against Defendant Filson:**

Mr. Lopez alleges Defendant Filson placed him on HRP (highly resistant prisoner) status based on a murder charge that Defendant Filson knew lacked any evidentiary basis because no one had died.

**Count V – Cruel and inhumane treatment against Defendant Filson:**

Mr. Lopez alleges Defendant Filson knowingly placed him under extreme, unconstitutional conditions on HRP status.

**Count VI – Denial of due process against Defendants Filson and Tristan:**

Mr. Lopez alleges Defendants Filson and Tristan upheld the murder charge and related disciplinary sanctions with full knowledge that the charge lacked any evidentiary basis because no one had died.

**Count VII – Denial of due process against Defendants Dzurenda, Tristan, Filson, Gittere, and Reubart:**

Mr. Lopez alleges Defendants Dzurenda, Tristan, Filson, Gittere, and Reubart promulgated, permitted, and/or enforced a policy, practice, or custom of allowing prisoners to be charged with murder violations when no one has died.

**Count VIII – Cruel and inhumane treatment against Defendants Dzurenda, Tristan, Filson, Gittere, and Reubart:**

Mr. Lopez alleges Defendants Dzurenda, Tristan, Filson, Gittere, and Reubart promulgated, permitted, and/or enforced a policy, practice, or custom of allowing prisoners to be charged, convicted, and sanctioned for murder violations even though no one has died.

### 2. Defendants' Contentions

Defendants contend that the evidence does not support Plaintiff's allegations. Defendants incorporate any Affirmative Defenses from the Answer as it pertains to Defendants. Defendants deny that Plaintiff's constitutional rights have been violated.

Defendants allege that Plaintiff fails to provide sufficient evidence to prove an 8th Amendment, 14th Amendment, or Due Process violation, or similar violations under the Nevada State Constitution occurred.

Defendants further contend that no conspiracy transpired to violate Plaintiff's Constitutional rights.

### C. RELIEF SOUGHT

Mr. Lopez seeks compensatory and punitive damages as well as declaratory and injunctive relief in this case.

### II. STATEMENT OF JURISDICTION.

This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331 given that Plaintiff's claims assert constitutional violations under 42 U.S.C. § 1983.

### III. UNCONTESTED FACTS DEEMED MATERIAL IN THE ACTION.

1. Mr. Lopez was an inmate at ESP at all times relevant to this case.
2. Defendants were employees of NDOC at all times relevant to this case.
3. Two prisoners were assaulted related to this case.
4. Neither prisoner who was assaulted died as a result of their injuries.
5. Mr. Lopez was charged with a MJ 16: Murder violation.
6. No one died stemming from the MJ 16: Murder violation against Mr. Lopez.
7. Mr. Lopez was in his cell at the time of the inmate assaults.
8. Mr. Lopez had no physical participation in the assaults.

9. Mr. Lopez was placed on HRP status as a result of the assaults.

10. Mr. Lopez was not allowed to call witnesses at his disciplinary hearing.

11. Defendant Huston claims to have spoken to the prisoners responsible for physically committing the assaults for purposes of Mr. Lopez's disciplinary hearing.

12. Prison regulations allowed for a violation charge of Battery.

13. Prison regulations allowed for a violation charge of Assault.

14. Prison regulations allowed for a violation charge of Mayhem.

## IV. CONTESTED ISSUES OF FACT TO BE TRIED AND DETERMINED UPON TRIAL.

A. **PLAINTIFF'S CONTESTED FACTS**

1. Whether Mr. Lopez should have been charged with a murder violation stemming from the allegations in the notice of charges?

2. Whether there was any evidence sufficient to charge Mr. Lopez with a murder violation?

3. Whether AR 707 allowed Mr. Lopez to be charged with a violation of attempt or conspiracy to commit murder?

4. Whether Mr. Lopez was charged with a violation of an attempt or conspiracy to commit murder rather than just murder itself?

5. Whether Mr. Lopez was ever told by either defendant that he was being charged with attempt or conspiracy to commit murder rather than murder itself for purposes of his disciplinary proceedings?

6. Whether AR 707 lists or defines any lesser included offenses to murder?

7. Whether there was any evidence to establish malice aforethought in finding Mr. Lopez guilty of murder?

8. Whether Mr. Lopez was entitled to a finding of some evidence of malice aforethought before being found guilty of the murder charge?

9. Whether either of the actual physical assailants ever stated that Mr. Lopez ordered them to commit the assaults?

10. Whether Mr. Lopez was entitled to have any statements made to Defendant Huston by the physical assailants made part of his disciplinary hearing record in aid of his defense and/or appeal?

11. Whether Mr. Lopez could have been charged with a violation of assault, battery, or mayhem stemming from the allegations in the notice of charges rather than murder.

12. Whether Mr. Lopez should have been placed on HRP status by Defendant Filson stemming from the allegations in the notice of charges?

13. Whether the conditions on HRP as alleged by Mr. Lopez were unconstitutional?

**B.     DEFENDANTS' CONTESTED FACTS**

1. Whether Plaintiff introduced sufficient evidence supporting the facts set forth above, i.e., whether he can prove that the individual defendants violated his Eighth Amendment, $14^t$ Amendment, or Due Process rights, or the equivalent rights under the Nevada State Constitution, by improperly charging him with violations related to murder and/or attempted murder.

2. Whether any form of damages is available to Plaintiff for any alleged failures.

3. Facts as provided in Defendants' Answer and Counterclaim.

**C.     CONTESTED ISSUES OF FACT IN THE CASE AS AGREED UPON BY THE PARTIES**

The parties essentially agree that all the essential facts regarding Mr. Lopez's claims are contested.

**V. CONTESTED ISSUES OF LAW AGREED UPON BY THE PARTIES.**

1. Whether any of Mr. Lopez's constitutional rights were violated?

**VI. CONTESTED ISSUES OF LAW TO BE TRIED AND DETERMINED UPON TRIAL.**

**A.     PLAINTIFF**

1. Whether the alleged actions of Defendants violated Mr. Lopez's due process rights under the 14th Amendment and Article 1 §8 of the Nevada Constitution?

2. Whether the alleged actions of Defendants violated Mr. Lopez's right against cruel and inhumane treatment under the 8th Amendment and Article 1 §6 of the Nevada Constitution?

**B.     DEFENDANTS**

1. Did Defendants individually violate Plaintiff's constitutional rights?

2. Did Defendants, through their actions, violate Mr. Lopez's due process rights under the 14th Amendment and Article 1 §8 of the Nevada Constitution?

3. Did Defendants, through their actions, violated Mr. Lopez's right against cruel and inhumane treatment under the 8th Amendment and Article 1 §6 of the Nevada Constitution?

**VII. EXHIBITS.**

**A.     EXHIBITS AGREED UPON BY THE PARTIES THAT CAN BE ADMITTED AT TRIAL WITHOUT OBJECTIONS[2]**

1. NDOC Investigation Detail Report
2. Notice of Charges Disciplinary Forms I – III
3. 4/3/17 Ad-Seg Classification Results Notice
4. 4/14/17 Notice of Ad-Seg Classification Hearing
5. 4/14/17 Segregation Informative
6. 4/19/17 Ad-Seg Classification Results Notice
7. 5/2/17 HRP Classification Review Memo
8. 5/4/17 HRP Classification Placement Memo
9. 7/13/17 Ad-Seg (HRP) Classification Results Notice

---

[2] Plaintiff is still awaiting discovery responses from defendants in the form of Answers to Request for Production of Documents, Answers to Admissions from Defendants Tristan, Homan, Dzurenda, Huston, Bryant, Manning, Filson, Gittere, and Reubart, and Answers to Interrogatories from Defendants Tristan, Homan, Dzurenda, Huston, Bryant, Manning, Filson, Gittere, and Reubart. Said responses are expected to be included in the exhibits to be used at trial.

| | |
|---|---|
| 10. | 8/4/17 Ad-Seg (HRP) Classification Results Notice |
| 11. | 9/6/17 HRP Classification Status Form |
| 12. | 9/12/17 1st Level Disciplinary Appeal and 9-26-17 Response from Filson |
| 13. | 2/14/18 HRP Classification Status Form |
| 14. | 8/30/18 HRP Classification Status Form Reviewed 9/17/18 |
| 15. | 8/30/18 HRP Classification Status Form Reviewed 9/27/18 |
| 16. | 9/9/18 Kite re HRP Housing in Infirmary |
| 17. | 9/12/18 Med Kite re pain from eating |
| 18. | 9/20/18 Kite re HRP Housing in Infirmary |
| 18. | AR 707 (Disciplinary Process) |
| 19. | AR 734 (Disciplinary Detention) |
| 20. | Plaintiff's Request for Production of Documents (Pending) |
| 21. | Request for Admissions to David Tristan (Pending) |
| 22. | Request for Admissions to Dennis Homan (Pending) |
| 23. | Request for Admissions to James Dzurenda (Pending) |
| 24. | Request for Admissions to Robert Huston (Pending) |
| 25. | Request for Admissions to Ronald Bryant (Pending) |
| 26. | Request for Admissions to Scott Manning (Pending) |
| 27. | Request for Admissions to Timothy Filson (Pending) |
| 28. | Request for Admissions to William Gittere (Pending) |
| 29. | Request for Admissions to William Reubart (Pending) |
| 30. | Request for Interrogatories to David Tristan (Pending) |
| 31. | Request for Interrogatories to Dennis Homan (Pending) |
| 32. | Request for Interrogatories to James Dzurenda (Pending) |
| 33. | Request for Interrogatories to Robert Huston (Pending) |
| 34. | Request for Interrogatories to Ronald Bryant (Pending) |
| 35. | Request for Interrogatories to Scott Manning (Pending) |
| 36. | Request for Interrogatories to Timothy Filson (Pending) |

37. Request for Interrogatories to William Gittere (Pending)

38. Request for Interrogatories to William Reubart (Pending)

**B.   PLAINTIFF'S EXHIBITS SUBJECT TO OBJECTIONS**

| DOCUMENT | BATES NOS. |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

**C.   DEFENDANTS' EXHIBITS SUBJECT TO OBJECTIONS**

| DOCUMENT | BATES NOS. |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |

**D.   DEPOSITIONS**

None taken

**E.   OBJECTIONS TO EXHIBITS**

The parties reserve the right to object to exhibits on the basis of hearsay, relevance (FRE 402), unfairly prejudicial, confusion of issues, misleading the jury, cumulative (FRE 403), and improper character evidence (FRE 404).The parties further reserve the right to

object to the introduction of documents not produced during discovery pursuant to the rules of procedure.

F.  **STIPULATIONS**

As to the following additional exhibits, the parties have reached the stipulations stated regarding admissibility, authenticity, or identification:

    a)  Stipulations as to Plaintiff's exhibits: Defendants stipulate to the admissibility, authenticity, or identification of Plaintiff's exhibits as agreed upon above.

    b)  Stipulations as to Defendants' Exhibits: Plaintiff stipulates to the admissibility, authenticity, or identification of defendants' exhibits as agreed upon above.

G.  **EVIDENCE IN ELECTRONIC FORMAT FOR PURPOSES OF JURY DELIBERATIONS.**

Counsel for the parties agree to comply with the Court's Rules and Orders regarding submission of evidence in electronic format.

**VIII. WITNESSES.**

A.  **PLAINTIFF'S WINTESSES**

Plaintiff wishes to reserve the right to call the following persons at trial:

1. Paul Lopez # 1231398; OS #01906571
   P.O Box 861
   Trenton, NJ 08625

2. Mitereo Ramirez #1009268
   Nevada Department of Corrections

3. Jacob Stephens #1144891
   Nevada Department of Corrections

4. Gerardo Garcia #86723

Nevada Department of Corrections

5. Ramon Iniguez
   (Paroled from Nevada Dept. of Corrections, present address unknown)

6. Dennis A. Homan
   Nevada Attorney General's Office

7. Scott R. Manning
   Nevada Attorney General's Office

8. Ronald Bryant
   Nevada Attorney General's Office

9. Robert Huston
   Nevada Attorney General's Office

10. William A. Gittere
    Nevada Attorney General's Office

11. Timothy Filson
    Nevada Attorney General's Office

12. William Reubart
    Nevada Attorney General's Office

13. David M. Tristan
    Nevada Attorney General's Office

14. James E. Dzurenda
    Nevada Attorney General's Office

15. Brian Sandoval
    Nevada Attorney General's Office

16. Barbara Cegavske
    Nevada Attorney General's Office

17. Adam P. Laxalt

Nevada Attorney General's Office

18. Stephen F. Sisolak
    Nevada Attorney General's Office

19. Charles Daniels
    Nevada Department of Corrections

20. Aaron D. Ford
    Nevada Attorney General's Office

21. Nancy Katafias
    Tort Fund Manager
    State of Nevada
    Nevada Attorney General's Office

22. Defendants' witnesses.

B. **DEFENDANT'S WITNESSES**

Defendants wish to reserve the right to call the following persons at trial:

1. Plaintiff, Paul Lopez, c/o Travis Barrick, 540 E. St. Louis Avenue, Las Vegas, Nevada 89117.

2. Dennis A. Homan, Defendant, c/o Lance C. White, Office of Attorney General, 100 N. Carson St. Carson City, Nevada 89701-4717.

3. Scott R. Manning, Defendant, c/o Lance C. White, Office of Attorney General, 100 N. Carson St. Carson City, Nevada 89701-4717.

4. Ronald D. Bryant, Defendant, c/o Lance C. White, Office of Attorney General, 100 N. Carson St. Carson City, Nevada 89701-4717.

5. Robert V. Huston, Defendant, c/o Lance C. White, Office of Attorney General, 100 N. Carson St. Carson City, Nevada 89701-4717.

6. William A. Gittere, Defendant, c/o Lance C. White, Office of Attorney General, 100 N. Carson St. Carson City, Nevada 89701-4717.

7. Timothy E. Filson, Defendant, c/o Lance C. White, Office of Attorney General, 100 N. Carson St. Carson City, Nevada 89701-4717.
8. William Reubart, Defendant, c/o Lance C. White, Office of Attorney General, 100 N. Carson St. Carson City, Nevada 89701-4717.
9. David M. Tristan, Defendant, c/o Lance C. White, Office of Attorney General, 100 N. Carson St. Carson City, Nevada 89701-4717.
10. James E. Dzurenda, Defendant, c/o Lance C. White, Office of Attorney General, 100 N. Carson St. Carson City, Nevada 89701-4717.
11. All Plaintiff's witnesses.

Both parties reserve the right to interpose objections to the calling of any named witness listed above prior to trial.

### IX. MOTIONS IN LIMINE.

1. It is anticipated that Mr. Lopez will be filing motions in limine to preclude disclosure of his prison disciplinary records unrelated to the claims in his complaint;
2. It is anticipated that Lopez will be filing motions in limine to preclude disclosure of his criminal records unrelated to the claims in his complaint;
3. It is anticipated that Lopez will be filing motions in limine to preclude disclosure of his prison classification records unrelated to the claims in his complaint;
4. It is anticipated that Mr. Lopez will be filing motions in limine to preclude his appearance at trial in prison garb.
5. It is anticipated that Mr. Lopez will be filing motions in limine to preclude defendants from wearing their uniforms at trial;

### X. AVAILABLE TRIAL DATES.

Counsel expressly understands that the Clerk shall set the trial of this matter at the convenience of the Court's Calendar.

The attorneys have met and jointly and agree that they are not available for trial until February 2023.

## XI. TIME EXPECTED FOR TRIAL.

Based on the above, the attorneys speculate time expected for trial will be four days.

| Dated this 18th day of August 2022. | Dated this 18th day of August 2022. |
|---|---|
| By: /s/ Travis N. Barrick<br>Travis N. Barrick, Esq. (SBN 9257)<br>Gallian Welker & Associates, LC<br>540 E. St. Louis Avenue<br>Las Vegas, NV 89104<br>*Attorneys for Plaintiff Paul Lopez* | By: /s/ Lance C. White<br>Lance C. White, Esq. (SBN 10247)<br>Nevada Attorney General's Office<br>100 N. Carson Street<br>Carson City, NV 89701<br>*Attorneys for the Defendants* |

## XI. ACTION BY THE COURT.

This case is set for trial on the _____ /stacked calendar on Monday, 3/13/2023 at 8:30 am crtrm 3   Calendar Call will be held on Tuesday, 2/21/2023 at 10:00 am crtrm 3 _____. Trial Briefs will be due to this Court on Tuesday, 2/21/2023 _____

This pretrial order has been approved by the parties to this action as evidenced by their signatures of the signatures of their attorneys herein. The order is hereby entered and will govern the trial of the case. This order may not be amended except by court order and based upon the parties' agreement or to prevent manifest injustice.

DATED:  August 31, 2022

_____
UNITES STATES DISTRICT COURT JUDGE